IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

2013 APR 17 PH 4:16

THOMAS ROWLETT                                  PLAINTIFF

VS.             NO: CV-2013- 129

SUPERIOR COATING,
COVENTRY HEALTH & LIFE
INSURANCE COMPANY, BRENNAN
HART CONSTRUCTION CO., BILL
DOWNES                                             DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, Thomas Rowlett( "Rowlett"), by and through his attorneys, Legal Aid of Arkansas, Inc. and for their Complaint against the Defendants, state and allege the following facts:

1. Plaintiff has been a resident of the City of West Memphis, Crittenden County, State of Arkansas, at all times material to this lawsuit.

2. Defendant Superior Coating (hereafter Superior) has been a Tennessee Corporation with its principal place of business in Memphis, Tennessee at all times material to this lawsuit.

3. Defendant Coventry Healthcare (hereafter Coventry) has been a Delaware Corporation, doing business in the States of Arkansas and Tennessee, upon information and belief, by providing health and medical insurance coverage to Arkansas citizens at all times material to this lawsuit.

4. Defendant Brennan Hart Construction (hereafter Brennan) is a successor in interest to Superior Coating's interests with regard to negotiation and payment of Plaintiff's health and medical insurance premiums at all times material herein.

5. Defendant Bill Downes was a resident of Shelby County, Tennessee, and is or was, upon information and belief, the owner of Superior Coating and became a partner in Brennan Hart Construction at all times material herein.

6. The cause of action asserted by the Plaintiff against the Defendants occurred within the last five years.

7. The actions which gave rise to this lawsuit occurred in Crittenden County, State of Arkansas.

8. In or about 2006, Plaintiff attempted to retire from his employment with Superior Coating, but at that time was asked by defendant Downes to remain on the employment rolls as an on-call employee. As a result of Plaintiff's continued employment with said company, he was allowed to take advantage of various insurance coverages through the employer Superior Coating, including with defendant Coventry.

9. By virtue of his employment status and relationship, Plaintiff also paid timely monthly health insurance premiums to his employer, Downes and Superior Coating for coverage by Coventry Health and Life Company.

10. On or about April 18, 2008, Plaintiff was contacted by the secretary of Superior Coating. During the conversation, Plaintiff was told that he needed to send in a payment for insurance in the amount of $613.82. Plaintiff was told to make the check

out to "Brennan Hart Construction Company" and was told where to mail the check; Plaintiff fully complied with Superior's request by tendering such payment.

11. Thereafter, on or about April 25, 2008, while working in his yard, Plaintiff began experiencing severe chest pains. After an examination, including an EKG, Plaintiff's doctor recommended a stress test.

12. On April 28, Plaintiff underwent several tests at the Conrad Person Clinic. While at the Clinic, Plaintiff had a doctor at the clinic call in a prescription for him. Plaintiff picked up the prescription later that day, and the prescription was covered and paid for by Coventry.

13. On or about April 29, 2008 Plaintiff went to Stern Cardiovascular Center in Memphis, Tennessee and underwent more tests, including a stress test. After being shown the scans from the stress test, Plaintiff was told that further hospital testing was required.

14. All subsequent tests and procedures performed on April 28 and April 29, 2008 were covered and paid for by Coventry.

15. On or about May 9, 2008, Plaintiff went to Baptist East Hospital in Memphis for a heart cathode, x-ray and ultrasound. Plaintiff was later advised that he had substantial blockage in his arteries.

16. After being advised of his options, Plaintiff decided to undergo bypass surgery. The surgery was performed on May 14, 2008. Prior to the surgery, Plaintiff and the attendant hospital were assured that the surgery would be covered by Coventry.

17. On or about June 8, 2008 after Plaintiff's surgery, defendant Downes informed Plaintiff that Superior Coating no longer existed, and that he, Downes, was forming a

new company; Downes further informed Plaintiff that the new company would not provide health or medical insurance coverage.

18. On June 13, 2008 while concerned about the extent of his medical, health and hospitalization insurance coverage available, Plaintiff called defendant Coventry; in speaking with a lady named "Kathie" at that time she informed Plaintiff that he was still covered for health, medical and medical purposes, but that his insurance would be expiring soon. She also told him that Coventry would call him before his insurance expired.

19. On June 15, 2008 when attempting to fill a prescription, Plaintiff was informed by the Walgreens pharmacy that he had no insurance coverage. On June 16, 2008, Plaintiff again called Coventry and spoke to Kathie, who then stated that Plaintiff's insurance expired on March 31, 2008.

20. During April through June, 2008 Plaintiff had paid for and was entitled to health and medical insurance coverage and benefits by the Defendants. And, during that time period Plaintiff was advised that his insurance coverage was in full force and effect.

21. However, Plaintiff was subsequently informed by Coventry that his health, medical and hospitalization coverage with said insurer had untimely expired, leaving him without the needed, promised and anticipated benefit coverage to pay for his surgical and related expenses incurred during the above-stated period; that as a result, Plaintiff has been needlessly exposed to personal liability for huge monetary health, medical and hospitalization bills and expenses.

22. Plaintiff has suffered significant personal, economic and monetary losses at the defendant, Downes' instance by terminating the employment relationship so as to

cause cessation of the health and medical insurance coverage; that said defendant took this action without any notice to Plaintiff so as to afford him an opportunity to plan for the abrupt and untimely change.

23. Plaintiff has also been harmed by the failure of defendant Coventry to provide adequate and proper notice which is or was, upon information and belief, required by the terms and conditions of the insurance policy or contract; that as a direct and causal result of said failure, Plaintiff has been required to be economically and financially responsible to pay for those medical and health services which should have been covered by the Coventry policy.

24. Defendant Brennan Hart Construction Company has also caused Plaintiff personal, economic and financial injury by not providing notice of its successor interest to all employees of Superior Coating Company, including Plaintiff; that said defendant Brennan also failed to notify Plaintiff of the termination, cancellation, and/or rescission of, and position not to assume the contractual arrangements held by Downes and Superior.

25. Accordingly, Plaintiff is entitled to and prays for:

 A) Compensatory damages;

 B) Damages for pain and suffering;

 C) Damages for past, present and future medical expenses;

 D) For all other relief deemed just and proper by this court in this action.

26. Plaintiff demands a jury trial.

**WHEREFORE, PREMISED CONSIDERED,** Plaintiff prays for the aforementioned relief and all other relief deemed just and proper.

THOMAS ROWLETT, PLAINTIFF

BY: _____
LELA DAVISON, ATTORNEY AT LAW
LEGAL AID OF ARKANSAS, INC.
310 MID-CONTINENT PLAZA
WEST MEMPHIS, AR 72301
TEL.: (870) 732-6370, EXT. 2207

## VERIFICATION

STATE OF ARKANSAS    )
                     )ss.
COUNTY OF CRITTENDEN )

I, THOMAS ROWLETT, being first duly sworn, states on oath that he has read and subscribed to the above and states that the information therein is true and correct.

_____
THOMAS ROWLETT

Subscribed and Sworn Before me this 17TH day of April, 2013.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

12-22-18