**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**THOMAS ROWLETT**                                                                                                **PLAINTIFF**

**v.**                        **CASE NO. 3:13CV00246 BSM**

**BRENNAN HART
CONSTRUCTION CO et al.**                                                              **DEFENDANTS**

## ORDER

Defendant Coventry Health and Life Insurance Company's ("Coventry") motion to dismiss [Doc. No. 5] is denied, and plaintiff Thomas Rowlett has thirty days to amend his complaint to properly state an ERISA violation. Rowlett filed suit against his former employer and Coventry, the administrator of his health insurance plan, seeking relief under general state law tort and contract theories. Coventry moves to dismiss, arguing that Rowlett's state law claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief can be granted. To meet the 12(b)(6) standard, a complaint must sufficiently allege facts that will entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.*

Coventry's motion to dismiss is denied, however it is noted that Rowlett's state law claims are preempted by ERISA because they relate to an employee benefit plan. *Estes v.*

*Federal Express Corp.*, 417 F.3d 870, 872. (8th Cir. 2005).  A claim relates to an ERISA plan when "it premises a cause of action on the existence of an ERISA plan." *Id.*  Thus, state common law tort and contract claims stemming from "improper processing of a claim for benefits" under an ERISA plan are preempted.  *Parkman v. Prudential Ins. Co. of America*, 439 F.3d 767, 771 (8th Cir. 2006).

In his response, Rowlett acknowledges that this action is governed by ERISA.  Instead of addressing preemption, however, Rowlett raises several issues about the substance of the Coventry plan and exhaustion requirements.  In doing so, Rowlett puts the cart before the horse.  The issue of whether Rowlett exhausted his administrative remedies is not ripe, as Rowlett's complaint does not state any violations of ERISA.  Accordingly, Rowlett will be given thirty days in which to amend his complaint to properly state an ERISA violation.

IT IS SO ORDERED this 5th day of February 2014.

_____
UNITED STATES DISTRICT JUDGE