**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**THOMAS ROWLETT**                                                                               **PLAINTIFF**

**v.**                       **CASE NO. 3:13CV00246 BSM**

**BRENAN HART CONSTRUCTION CO., et al.**                               **DEFENDANTS**

**ORDER**

Defendant Coventry Health & Life Insurance Company's ("Coventry") motion to dismiss [Doc. No. 20] is denied, and defendant Brenan Hart Construction Co.'s ("Brenan Hart") motion to dismiss [Doc. No. 22] is denied.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief can be granted. To meet the 12(b)(6) standard, a complaint must sufficiently allege facts that will entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id*.

Plaintiff Thomas Rowlett was an employee of Superior Coating ("Superior"), a company owned by Bill Downes. In 2006, Rowlett planned to retire from Superior, but Downes requested that Rowlett remain as an on-call employee. Rowlett was entitled to insurance coverage from Coventry, and he paid his premiums to Coventry through Superior. On April 18, 2008, Rowlett was contacted by Superior's secretary, who directed him to send a check for his insurance premiums to Brenan Hart, which Rowlett did.

On June 8, 2008, Downes told Rowlett that Superior was closing, and that Downes's new company would not provide any health insurance. On June 13, 2008, Rowlett called Coventry, which told him that while he was still insured, his coverage would expire soon. Two days later, Rowlett tried to fill a prescription at Walgreens, which informed him he had no insurance coverage. Rowlett again contacted Coventry, which told him his insurance had expired on March 31, 2008. Coventry later requested that the medical providers refund the amounts Coventry paid for Rowlett's care. Rowlett argues that he paid premiums through June 2008, and is suing under the Employee Retirement Income Security Act.

Both Coventry's and Brenan Hart's motions to dismiss are denied because Rowlett has stated a claim upon which relief may be granted. Rowlett claims that he paid insurance premiums through Superior for the time period in question, and is entitled to coverage. Rowlett has met his burden at this stage. Additionally, Brenan Hart filed its motion *pro se*, however, a corporation must be represented by licensed counsel. *See Carr Enterprises, Inc. v. U.S.A.*, 698 F.2d 952, 953 (8th Cir. 1983). Thus, Brenan Hart will not be permitted to proceed in the absence of counsel. Accordingly, Coventry's motion to dismiss [Doc. No. 20] is denied, and Brenan Hart's motion to dismiss [Doc. No. 22] is denied.

IT IS SO ORDERED this 5th day of May 2014.

UNITED STATES DISTRICT JUDGE